**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE NATIONAL PRESCRIPTION | ) | MDL 2804 |
| | ) | |
| OPIATE LITIGATION | ) | Case No. 1:17-md-2804 |
| | ) | |
| *This Document Relates to*: | ) | Hon. Dan Aaron Polster |
| | ) | |
| *Track Three Cases* | ) | |
| | ) | |

**MOTION TO AMEND RULING REGARDING RE-DEPOSITION OF EXPERT WITNESSES**

Case Track Three Plaintiffs Lake and Trumbull Counties move the Court under Federal Rule of Civil Procedure 16(b)(4) to amend its June 25, 2020 Ruling Regarding Re-Deposition of Witnesses in this case.  Plaintiffs seek an amendment to that order to incorporate a process for re-deposition of experts providing opinions designated as "generic" or generally applicable to the MDL as a whole (as opposed to jurisdiction or "case-specific" opinions applicable only to the Plaintiff Counties).  Plaintiffs intend to divide their forthcoming expert reports into those two categories, and seek to ensure that such generic expert reports, and any subsequent deposition of an expert on his or her generic opinions, will be deemed generally applicable to all cases in the MDL against Defendants who have the opportunity to participate in such depositions.

Plaintiffs believe that, by seeking to separate and distinguish between their experts' generic and case-specific opinions, the proposed modification to this Court's re-deposition protocol will benefit not only the efficient administration of this case, but also of the MDL as a whole. The Proposed Amendment is intended to prevent unnecessarily

duplicative and unworkable re-deposition of the parties' experts on common questions of fact, and to streamline for trial questions of general and specific causation, as well as Defendants' compliance with regulatory requirements, among others. The Proposed Amendment is thus in keeping with the spirit of the Court's prior orders, and with the purposes for which the MDL was established.

## BACKGROUND

When the Track Three jurisdictions were selected to serve as bellwether cases for trial, the Court ordered that all discovery propounded in Case Track One would be deemed propounded in Track Three. Case Management Order Nunc Pro Tunc 1 (June 8, 2020), Dkt. 3329. As part of the implementation of that order, the Court entered a further order limiting re-deposition of witnesses who had previously been deposed. Ruling Regarding Re-Deposition of Witnesses (June 25, 2020), Dkt. 3359. That order provides for limited re-deposition of experts who had previously been deposed. *Id.* at 3-4.

> Absent agreement otherwise by the parties: … (2) re-deposition of an expert witness who files in Track Three an expert report that is moderately amended compared to their report in Track One (i.e. contains some new or different opinions)[1] shall be limited to: (a) 5.0 hours, or (b) 1.25 hours per defendant family that is the subject of that expert's defendant-specific opinions, whichever is longer; (3) re-deposition of an expert witness who files in Track Three an expert report that is largely new compared to their report in Track One (i.e. contains many new opinions) shall be limited to: (a) 7.0 hours, or (b) 1.75 hours per defendant family that is the subject of that expert's defendant-specific opinions, whichever is longer.

*Id.* at 3-4 (footnotes omitted).

---

[1] The June 25, 2020 order also provides for re-deposition limited to 3.0 hours where the expert report is *identical* to the previous report in Track One. Plaintiffs do not expect any of the expert reports that will be submitted by previously disclosed experts will be identical to their Track One reports.

2

As is generally the case in multidistrict litigation of this nature and in accordance with the Court's "hub and spoke" model of the MDL, *see* Suggestion of Remand 7 (Nov. 19, 2019), Dkt. 2941, in preparing the Track Three expert reports, it has become clear that the parties' experts hold a number of opinions that are relevant not just to Plaintiff Counties but also to most, if not all, of the litigant jurisdictions nationwide. These opinions address, among other things, matters such as Defendants' corporate policies and practices, Defendants' conduct toward federal regulators, and the general causal link between Defendants' conduct and the types of harms Plaintiffs allege. Accordingly, Plaintiffs anticipate that the parties' Track Three reports will contain both general and case-specific material.

To streamline the presentation of this expert discovery and the evidence at trial and to avoid duplication of effort in future cases across the MDL, Plaintiffs intend to differentiate their experts' generic and case-specific opinions proffered in Track Three, thus allowing a separate deposition (or portion of a deposition) of the expert to proceed with respect to the generic portions of their reports. It is Plaintiffs' hope and intent that the Court will subsequently deem these generic expert reports and depositions applicable to other MDL cases involving the same Defendants.[2] To facilitate that process, Plaintiffs seek an order adjusting the re-deposition protocol.

Plaintiffs recognize that--even though many of the expert witnesses they intend to

---

[2] Plaintiffs are well aware that the only active defendants in Case Track Three at the moment are the Pharmacy Defendants. Plaintiffs intend, at an appropriate time, to seek similar approval for the use of such generic expert reports involving opinions related to the conduct of the Manufacturer and Distributor Defendants. Moreover, where an expert witness's opinions apply equally to those defendants, Plaintiffs may subsequently seek leave to serve them with notice of, and invite their participation in, Case Track Three depositions of those experts. But such relief is beyond the scope of the current motion.

3

identify in Case Track Three have already submitted multiple expert reports in this MDL and/or in related opioids litigation, and have been subjected to multiple prior depositions [3] — the division of new expert reports into generic and case-specific components, with the expectation that any deposition on the expert's generic opinions may be deemed applicable throughout the MDL, may well necessitate some modest alteration of the time limits provided in the Court's prior order for re-deposition of such experts. Plaintiffs therefore ask the Court to modify those time limits in order to accommodate Plaintiffs' proposed approach. Plaintiffs' proposal is as follows: In keeping with previous ruling, the re-deposition of experts previously deposed would not exceed 7 hours, but for experts whose opinions are designated at least in part as generic, deposition of the expert on those generic opinions would be limited to no more than four (4) hours or 1.00 hours per defendant family that is the subject of the expert's defendant-specific opinions whichever is greater; and deposition on any case-specific opinions will be permitted for no more than 3 hours or 0.75 per defendant family that is the subject of that experts' defendant-specific opinions, whichever is greater.

## ARGUMENT

Under Rule 16(b), pretrial scheduling orders may address "the extent of discovery" and "other appropriate matters." Fed. R. Civ. P. 16(b)(3)(B)(ii), (vii). Scheduling orders may be modified in the court's discretion "for good cause." Fed. R.

---

[3] It should be noted that of the experts Plaintiffs deposed in Track One, all of them have been deposed subsequently on multiple occasions in litigation against these defendants, with several (including Dr. Lembke, Dr. Keyes, Mr. McCann, Mr. Rafalski, and Mr. Alexander, having been deposed for more than a total of 21 hours (some for 28) with all but Dr. Alexander having also been questioned as part of the New York litigation Frye hearing over a 10-day period.).

4

Civ. P. 16(b)(4); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). The Court's June 25, 2020, Ruling, together with the Court's Case Management Orders, embody the scheduling orders in this case. Plaintiffs' motion is therefore subject to Rule 16(b)(4).

The first question under Rule 16(b)(4) is whether the movant has shown diligence in complying with the order to be modified. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020). Plaintiffs have diligently complied with this Court's Case Management Orders. Indeed, Plaintiffs make this motion not despite but because of this diligent compliance. Unlike the ordinary case in which Rule 16(b)(4) is invoked, Plaintiffs do not seek relief from a Court-imposed deadline or to reopen matters already closed by Court order. Plaintiffs seek instead only to allow both sides sufficient latitude to develop and streamline the evidence generated as a result of their compliance without unnecessary redundancy and duplication of efforts.

The second question under Rule 16(b)(4) is whether the non-movant will suffer unfair prejudice if the scheduling order is modified. *Leary*, 349 F.3d at 909, citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Defendants will suffer no unfair prejudice if the Court amends the re-deposition protocols as Plaintiffs request. By definition, each expert who is subject to the re-deposition order has already offered a report on these issues and been deposed previously. Further, the Proposed Amendment will allow both sides equal and ample opportunity to question the other's experts on both their generic and their case-specific opinions. Defendants therefore will not suffer any prejudice from this proposed amendment.

Finally, if the above two conditions are met, under Rule 16(b) a court may further consider "any other factors [it], in its discretion, determines to be relevant." *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014) (citing 6A Charles Alan Wright & Arthur R. Miller *et al.*, *Federal Practice and Procedure* § 1522.2 (3d ed. 1998 & supp. 2010)). In addition to the evident utility of the proposed amendment for streamlining the evidence in this case, the proposed amendment could eventually also serve the MDL as a whole by obviating the need for repeated depositions of the same experts on the same opinions, an unnecessary, unduly burdensome and expensive, and ultimately unworkable approach.

Such economies and efficiencies are at the core of the justification for this, or any other, MDL. As the Sixth Circuit has recognized in this very MDL, "an MDL court has broad discretion to create efficiencies and avoid duplication—of both effort and expenditure—across cases within the MDL." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020). Indeed, the very order creating the PEC in this MDL directs the PEC to undertake discovery and develop evidence "*on behalf of all Plaintiffs with cases in these MDL proceedings*." CMO One ¶ 9(c) (Apr. 11, 2018), Dkt. 232 (emphasis added). Consistent with that order, the PEC here seeks to make available for the use of every case in the MDL the generic expert evidence developed in Case Track Three to the benefit of the litigation as a whole.[4]

---

[4] The need for such a process became clear in the recent motion practice concerning the *de bene esse* deposition of Dr. David Kessler. Dr. Kessler's expert opinions offered in Case Track One were in no way case-specific, but applied generally to the Manufacturer Defendants' conduct applicable to all cases in this MDL. Nevertheless, in opposing that deposition, Defendants argued, *inter alia*, that it would be improper to require them to cross-examine Dr. Kessler for use in any potential future trial without a case-specific expert report, discovery deposition, and full case discovery. Manufacturing Defendants' Opposition 1–2, 10–12, Dkt. 3599. Acknowledging these arguments while also recognizing that Dr. Kessler's expert report
*Footnote continued on next page*

**CONCLUSION**

Because Plaintiffs have diligently complied with this Court's Case Management Orders, because the proposed amendment would not unfairly prejudice Defendants, and because the proposed amendment would otherwise promote the efficiency of the MDL as a whole, the Court should grant Plaintiffs' motion.

Dated: March 3, 2021

                                        Respectfully submitted,

                                        Paul J. Hanly, Jr.
                                        SIMMONS HANLY CONROY
                                        112 Madison Avenue, 7th Floor
                                        New York, NY 10016
                                        (212) 784-6400
                                        phanly@simmonsfirm.com

                                        Joseph F. Rice
                                        MOTLEY RICE LLC
                                        28 Bridgeside Blvd.
                                        Mt. Pleasant, SC 29464
                                        (843) 216-9000
                                        (843) 216-9290 (Fax)
                                        jrice@motleyrice.com

                                        Paul T. Farrell, Jr., Esq.
                                        FARRELL & FULLER LLC
                                        1311 Ponce de Leone Ave., Suite 202
                                        San Juan, PR  00907
                                        (304) 654-8281
                                        paul@farrellfuller.com

                                        *Plaintiffs' Co-Lead Counsel*

---

was entirely generic, this Court allowed the deposition to proceed, but with an instruction to limit the scope of testimony "to issues of general causation" and a bar on "solicit[ing] testimony specific to any jurisdiction." Order 2 (Jan. 11, 2021), Dkt. 3603.   Plaintiffs now seeks to apply these same principles to MDL-wide expert testimony more generally.

/s/*Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Frank L. Gallucci
PLEVIN & GALLUCCI CO., L.P.A.
55 Public Square, Suite 222
Cleveland, OH 44113
(216) 861-0804
(216) 861-5322 (Fax)
FGallucci@pglawyer.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiffs Lake County and Trumbull County, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

/s/*Peter H. Weinberger*
Peter H. Weinberger